## VAN SWERINGEN CO v MINER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14734. Decided Nov 12, 1935

Boyd, Brooks & Wickham, Cleveland, for plaintiff in error.

Sayre, Vail & Dorn, Cleveland, for defendants in error.

## OPINION

By LEVINE, J.

If it is true, as is claimed by counsel for Stanley and Mamie M. Miner, that the original lease was made with John Connell as principal and that he thereafter assigned the lease to The Van Sweringen Company, the conclusion must follow that under the assignment the obligations contained in the lease including payment of rent would devolve upon the assignee, The Van Sweringen Company. On the other hand if John Connell was not the principal, but was merely an agent or instrumentality employed by The Van Sweringen Company in the execution of the lease, the conclusion must follow that when John Connell assigned the lease he acted for and on behalf of The Van Sweringen Company, and that under provision eight of the lease heretofore referred to The Van Sweringen Company would be relieved of all further responsibility or liability on account of this lease.

Section 14 of the indenture of lease provides "that wherever the word "lessors" and "lessees" is used in the foregoing lease, it shall be held to accrue to the benefit of, and be binding upon the aforesaid mentioned lessor and lessee and their respective heirs, executors, administrators, devisees and assigns." This last mentioned provision makes it quite apparent that it was the intention of the parties to the lease that an assignment will in all probability be made, and that the assignee shall succeed to the benefits as well as the burdens of said lease. We have reached the conclusion from all the evidence presented in this case that there can be no question whatsoever but that John Connell, the person named as lessee in the lease, acted for and in behalf of The Van Sweringen Company. John Connell was a mere nominal lessee who was obligated and bound to follow the instructions of his principal. The mere fact that The Van Sweringen Company was not known in the transaction when the lease was executed does not in our opinion make any material difference. The fact is proven conclusively that The Van Sweringen Company was the principal in the transaction. Likewise the mere fact that John Connell did not know who his principal was does not alter the legal relationship between him and The Van Sweringen Company. When The Van Sweringen Company disclosed its identity it became an established fact that John Connell, the named lessee in the lease was acting for this undisclosed principal who later turned out to be The Van Sweringen Company.

If an action were brought against John Connell for rent, he would present a complete defense by showing that he thereafter assigned the lease to The Boulevard Loop Realty Company. Since it is an established fact that he was merely an agent acting for The Van Sweringen Company in the execution of the lease, his later assignment of this lease to The Boulevard Loop Realty Company, with the consent and at the direction of The Van Sweringen Company is construed in law to be the assignment of The Van Sweringen Company to The Boulevard Loop Realty Company.

In view of our findings the judgment of the Common Pleas Court is ordered reversed and final judgment entered in favor of The Van Sweringen Company.

LIEGHLEY, PJ, and TERRELL, J, concur in the judgment.